WO                                                                                                                          KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Emmet Darnell Wall, | No. CV 19-02981-PHX-JAT (JFM) |
| Plaintiff, | |
| v. | **ORDER** |
| Jeri Williams, et al., | |
| Defendants. | |

**I.    Background**

On May 10, 2019, Plaintiff Emmet Darnell Wall, who is confined in a Maricopa County Jail, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis.  In a July 25, 2019 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim.  On August 7, 2019, Plaintiff filed a First Amended Complaint.  In a November 1, 2019 Order, the Court ordered service on Defendant Mullen and required Defendant Mullen to file a brief providing the Court with the status of any relevant criminal cases against Plaintiff and discussing the applicability of a stay under *Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004), and *Wallace v. Kato*, 549 U.S. 384 (2007).

On December 2, 2019, Plaintiff filed a Motion to Appoint Counsel.  On January 2, 2020, Plaintiff filed a Second Amended Complaint (Doc. 13).  In a February 14, 2020 Order, the Court denied the Motion to Appoint Counsel and informed Plaintiff that because

the Second Amended Complaint still raises claims to which *Gilbertson* and *Wallace* may apply, the Court would not screen the Second Amended Complaint until it had received the required brief from Defendant.

On March 24, 2020, Plaintiff filed a "Declaration of Default" seeking an entry of default in this case. On February 12, 2020, the United States Marshal's Service filed a proof of service indicating Deputy United States Marshal Franchello personally served Douglas Michaud at the Phoenix Police Department. On April 30, 2020, the Court issued an Order to Show Cause requiring Defendant to show cause why default should not be entered in this case. The Court directed the Clerk of Court to send the Order by certified mail to the Office of the Phoenix City Attorney.

On May 29, 2020, Defendant responded to the Order to Show Cause. In a June 12, 2020 Order, the Court denied Plaintiff's "Declaration for Entry of Default" and ordered proper service on Defendant Mullen. Service was returned executed on July 9, 2020. Plaintiff then filed an August 13, 2020 Motion to Compel Discovery (Doc. 26) and an August 17, 2020 Motion for Summary Judgment (Doc. 27). On August 24, 2020, Defendant Mullen submitted the required brief ("*Gilbertson/Wallace* brief") on the applicability of *Gilbertson* and *Wallace* to Plaintiff's claims.

The Court will screen the Second Amended Complaint, stay this case, and deny Plaintiff's pending Motions.

**II.   Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

. . . .

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

### III. Second Amended Complaint

Plaintiff names Phoenix Police Officer Dusten Mullen as Defendant in his two-count Second Amended Complaint and seeks money damages.

Plaintiff alleges his Fourth Amendment rights were violated by an illegal traffic stop and search of his person and vehicle. Plaintiff claims that on November 21, 2017, Defendant Mullen conducted an "illegal" traffic stop of Plaintiff's vehicle based on the vehicle having made an illegal turn and later falsified the police report to justify the stop. Plaintiff asserts that in the police report, Defendant Mullen stated that he smelled

marijuana, but Plaintiff was not issued a traffic ticket "nor was marijuana found." Plaintiff contends Defendant Mullen "racially profiled [Plaintiff] and pulled [him] over" without a warrant and in violation of the Fourth Amendment. Plaintiff claims that at the substation, Defendant Mullen went through his cell phone, "without a warrant incident to arrest," and searched Plaintiff's car without probable cause.

In Count Two, Plaintiff alleges his Fourteenth Amendment rights were violated when Defendant Mullen impounded his vehicle without a search warrant. Plaintiff claims that on April 9, 2019, Defendant Mullen ordered the sale of Plaintiff vehicle and, on June 4, 2019, "ordered the destruction of [the] vehicle depriving [Plaintiff] of [his] property without due process." Plaintiff further alleges $1,108.00 was taken from him after his arrest and "was not mentioned in the forfeiture procedure at all."

**IV.     Failure to State a Claim**

    **A.     False Arrest**

Plaintiff appears to claim he was falsely arrested because, although Defendant Mullen stopped him for a traffic violation and then stated he smelled marijuana, Plaintiff was not issued a traffic citation and no marijuana was found in his car.

To state a § 1983 claim for false arrest, Plaintiff must show that Defendant Mullen made the arrest without probable cause or other justification. *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097 (9th Cir. 2013). "'Probable cause exists if the arresting officers 'had knowledge and reasonably trustworthy information of facts and circumstances sufficient to lead a prudent person to believe that [the arrestee] had committed or was committing a crime.'" *Id.* at 1097-98 (quoting *Maxwell v. County of San Diego*, 697 F.3d 941, 951 (9th Cir. 2012)). "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

"[A] claim for false arrest turns only on whether probable cause existed to arrest a defendant, and . . . it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the

time of the arrest." *Jaegley v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006); *see also Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001) ("Claims for false arrest focus on the validity of the arrest, not on the validity of each individual charge made during the course of the arrest."). "Thus . . . '[i]f there was probable cause for any of the charges made . . . then the *arrest* was supported by probable cause, and the claim for false arrest fails.'" *Price*, 256 F.3d at 369 (quoting *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995)); *see also Barry v. Fowler*, 902 F.2d 770, 773 n.5 (9th Cir. 1990) (no unconstitutional seizure where police had probable cause to arrest plaintiff for one offense, even if police lacked probable cause to arrest for a second offense).

Although Plaintiff does not describe the crimes for which he was arrested, Defendant's *Gilbertson/Wallace* brief and the Maricopa County Superior Court's electronic docket state that Plaintiff is presently awaiting trial in CR 2018-002942 on a November 21, 2017 charge of transportation of a narcotic drug for sale. Beyond his assertion that the traffic stop was "illegal," Plaintiff does not allege facts showing Defendant Mullen lacked a reasonable suspicion to stop Plaintiff for a traffic violation. Plaintiff does not describe his driving behavior prior to the stop or any circumstances surrounding the stop that would demonstrate Defendant Mullen conducted the traffic stop without a reasonable suspicion that Plaintiff had committed a traffic offense. Further, although Plaintiff claims marijuana was not found in his vehicle, this claim alone does not show Defendant Mullen's statement regarding an odor of marijuana was false, or that Defendant Mullen lacked probable cause to ultimately arrest Plaintiff. Plaintiff's allegations are insufficient to state a claim for false arrest against Defendant Mullen and the Court will dismiss these claims.

### B. Racial Profiling

To the extent Plaintiff intends to claim Defendant Mullen violated his equal protection rights by subjecting him to racial profiling, he fails to state a claim. To establish a violation of the Equal Protection Clause based on a claim of racial discrimination, a plaintiff must first establish that defendants acted with a discriminatory intent. *See*

*Washington v. Davis*, 426 U.S. 229, 239 (1976). Plaintiff fails to allege facts showing Defendant Mullen acted with discriminatory intent and offers nothing more than a conclusory allegation that Defendant Mullen "racially profiled" him. Plaintiff's vague and conclusory allegations are insufficient to state a racial discrimination claim. Accordingly, the Court will dismiss the equal protection/racial profiling claim.

### C. Vehicle Search

Plaintiff also claims his Fourth Amendment rights were violated when Defendant Mullen searched his vehicle without probable cause. Although not clear, Plaintiff appears to claim he was arrested, after which his vehicle was impounded and inventoried.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against *unreasonable* searches and seizures." (emphasis added). Inventory searches, *Colorado v. Bertine*, 479 U.S. 367, 371 (1987), and searches incident to lawful custodial arrests, *United States v. Robinson*, 414 U.S. 218, 235 (1973), are well-defined exceptions to the Fourth Amendment's warrant requirement. Accordingly, Plaintiff's assertion that Defendant Mullen searched and inventoried his vehicle, without a warrant, and incident to arrest, is insufficient to state a Fourth Amendment claim. The Court will dismiss Plaintiff's claim relating to the search of his vehicle.

### D. Property

To the extent Plaintiff claims in Count Two that the cash confiscated from him during his arrest was lost, "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986). With respect to the sale of Plaintiff's vehicle, even unauthorized and intentional deprivations of property do not constitute a violation of procedural requirements of the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The availability of a common-law tort suit against a state employee constitutes an adequate post-deprivation remedy. *Id.* at 534-35. Accordingly, because Plaintiff may seek

compensatory damages in a common-law tort suit in state court, he has failed state a Fourteenth Amendment due process claim for the loss of his property. The Court will dismiss Count Two of the Second Amended Complaint.

**V.   Stay**

Liberally construed, Plaintiff has adequately stated a Fourth Amendment claim against Defendant Mullen for his alleged warrantless search of Plaintiff's cell phone. *See Riley v. Cal.*, 573 U.S. 373, 401 (2014) ("[A] warrant is generally required before [a cell phone search], even when a cell phone is seized incident to arrest.").

However, as noted earlier, Plaintiff is detained on criminal charges in Maricopa County Superior Court, case #CR 2018-002942, stemming from the incidents described in his Second Amended Complaint.[1] Plaintiff is charged with transportation of a narcotic for sale and it appears that information from Plaintiff's cell phone may be used in his criminal prosecution.

In his *Gilbertson/Wallace* brief, Defendant states that Plaintiff's state court criminal proceedings are ongoing. Defendant asserts resolution of the constitutional violations alleged in this case would interfere with the ongoing state court criminal proceedings and that this case should be stayed pending resolution of the criminal proceedings.

The Court finds Plaintiff's cell phone search claim is too closely associated with the pending state court criminal proceedings for the Court to adjudicate the claim prior to the resolution of Plaintiff's criminal proceedings. Accordingly, the Court will stay this case until Plaintiff's state criminal proceedings have concluded. Plaintiff should note that a stay does not eliminate his federal court remedy, but simply delays consideration of his civil claim until after the state trial court resolves his criminal charges.

The Court, in its discretion, will stay this case, pending resolution of Plaintiff's criminal case in Maricopa County Superior Court, case number CR 2018-002942. The Court will require Defendant to file a status report **on December 1, 2020, and every 90**

---

[1] *See* http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2018-002942 (last visited Aug. 26, 2020).

**days thereafter**, reflecting the status of Plaintiff's pending criminal case, and will also require Defendant to file a status report within 15 days after entry of judgment in Maricopa County Superior Court case number CR 2018-002942.

**VI.    Motions**

Plaintiff has filed an August 13, 2020 Motion to Compel Discovery and an August 17, 2020 Motion for Summary Judgment (Doc. 27). Because the Court will stay this case, Plaintiff's Motions are not properly before the Court at this time and will be denied without prejudice.

**IT IS ORDERED:**

(1)    Plaintiff's false arrest, racial profiling, and vehicle search claims in Count One, and Count Two of the Second Amended Complaint are dismissed without prejudice.

(2)    Plaintiff's Motion to Compel Discovery (Doc. 26) and Motion for Summary Judgment (Doc. 27) are **denied**.

(3)    This case is **stayed** pending the resolution of Plaintiff's criminal case currently pending in the Maricopa County Superior Court, case number CR 2018-002942. The Clerk of Court must indicate on the docket that this case is **stayed**.

(4)    Beginning **on December 1, 2020, and every 90 days thereafter**, **Defendant must file** with the Court a "Notice of Status" that informs the Court of the status of Plaintiff's criminal case currently pending in Maricopa County Superior Court, case number CR 2018-002942.

(5)    **Defendant must file** a "Notice of Status" within 15 days after entry of judgment in Maricopa County Superior Court case number CR 2018-002942.

Dated this 8th day of September, 2020.

James A. Teilborg
Senior United States District Judge