WO                                                                                                                  KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Emmet Darnell Wall, | No. CV 19-02981-PHX-JAT (JFM) |
| Plaintiff, | |
| v. | **ORDER** |
| Jeri Williams, et al., | |
| Defendants. | |

Because Plaintiff has pleaded guilty to the criminal charges against him in Maricopa County Superior Court, case number CR 2018-002942, the Court will lift the stay in this case and order Defendant Mullen to answer the Second Amended Complaint (Doc. 13), as described below.

**I.      Background**

On May 10, 2019, Plaintiff Emmet Darnell Wall, who is confined in a Maricopa County Jail and proceeding in forma pauperis, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. In a July 25, 2019 Order, the Court dismissed the Complaint because Plaintiff had failed to state a claim. On August 7, 2019, Plaintiff filed a First Amended Complaint. In a November 1, 2019 Order, the Court ordered service on Defendant Mullen and required Defendant Mullen to file a brief providing the Court with the status of any relevant criminal cases against Plaintiff and discussing the applicability of a stay under *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004), and *Wallace v. Kato*, 549 U.S. 384 (2007).

TERMPSREF

On January 2, 2020, Plaintiff filed a Second Amended Complaint. In a February 14, 2020 Order, the Court informed Plaintiff that because the Second Amended Complaint still raises claims to which *Gilbertson* and *Wallace* may apply, the Court would not screen the Second Amended Complaint until it had received the required brief from Defendant.

On March 24, 2020, Plaintiff filed a "Declaration of Default," seeking an entry of default in this case. On April 30, 2020, the Court issued an Order to Show Cause requiring Defendant to show cause why default should not be entered in this case. On May 29, 2020, Defendant Mullen filed, through counsel, a Response to the Order to Show Cause, asserting default should not be entered because he had not been properly served. In a June 12, 2020 Order, the Court denied the Declaration of Default and issued instructions for service of Defendant Mullen. On September 4, 2020, Defendant Mullen filed the required *Wallace* and *Gilbertson* brief.

In a September 8, 2020 Order, the Court screened the Second Amended Complaint; determined Plaintiff adequately stated a Fourth Amendment claim in Count One against Defendant Mullen regarding the allegedly warrantless search of Plaintiff's cell phone; dismissed the false arrest, racial profiling, and vehicle search claims in Count One; and dismissed Count Two entirely. However, because Plaintiff's criminal proceedings stemming from the arrest at issue were still pending in the Maricopa County Superior Court, the Court stayed this case until the criminal charges against Plaintiff were resolved.

On March 31, 2022, Plaintiff pleaded guilty to transportation of a narcotic for sale.[1]

**II.    Conclusion of Criminal Proceedings and Answer Required**

As previously mentioned, the only remaining claim in Plaintiff's Second Amendment Complaint is Plaintiff's assertion in Count One that Defendant Mullen violated his Fourth Amendment rights on November 21, 2017, when he searched Plaintiff's cell phone without a warrant. Plaintiff claims he suffered an invasion of privacy, undue stress, mental anguish, and "intrusion upon seclusion" as a result of the search.

---

[1] *See* http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2018-002942 (last visited Apr. 27, 2022).

**TERMPSREF**

- 2 -

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a prisoner's claim for damages cannot be brought under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner demonstrates that the conviction or sentence has previously been reversed, expunged, or otherwise invalidated. *Heck*, 512 U.S. at 486-87. Thus, to the extent Plaintiff is asserting that evidence collected during the alleged search and seizure *caused* his conviction, his claim is barred by *Heck*. *See Belanus v. Clark*, 796 F.3d 1021, 1024 (9th Cir. 2015).

But if "the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck*, 512 U.S. at 487 (footnotes omitted). As the Supreme Court explained,

> a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does *not* encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

*Id.* at 487 n.7 (citations omitted). *See also Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 643 (9th Cir. 2018) ("Because [plaintiff's] conviction resulted from a plea agreement and [plaintiff] alleged no facts in his complaint suggesting that the plea was not knowing and voluntary, success in the § 1983 action would not affect his conviction" and, therefore, his claims were not barred by *Heck*.)

Because it is unclear whether Plaintiff's claims are barred by *Heck*, the Court will lift the stay and require Defendant Mullen to answer the cell phone search claim in Count One of the Second Amended Complaint.

. . . .

### III. Warnings

#### A. Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

#### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

#### C. Copies

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

#### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The stay in this case is **lifted**.

(2) Defendant Mullen **must answer** the cell phone search claim in Count One of the Second Amended Complaint (Doc. 13) or otherwise respond by appropriate motion within **60 days** of the filing date of this Order.

TERMPSREF

- 4 -

(3)  This matter is referred to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 4th day of May, 2022.

_____
James A. Teilborg
Senior United States District Judge

TERMPSREF